CAUSE NO. 21-2054-431 _____

| | | |
|---|---|---|
| BETTY DIANE CARROLL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | DENTON COUNTY, TEXAS |
| v. | § | |
| | § | |
| C-CON SERVICES, INC. | § | _____JUDICIAL DISTRICT |
| & EARL B. COTTON | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Betty Diane Carroll, on Behalf of Herself and All Others Similarly Situated ("Carroll" or "Plaintiff") brings this action against Defendant C-Con Services, Inc. and its owner Earl B. Cotton for violating the laws of the United States of America, as well as the State of Texas, and alleges the following:

### I. PARTIES

1. Plaintiff, Betty Diane Carroll, is an individual who is a resident of Dallas County, Texas and can be reached by and through her counsel of record, Vincent Bhatti and Ditty Bhatti, The Bhatti Law Firm, 5700 Tennyson Parkway, Suite 300, Plano, TX 75024.

2. Defendant, C-Con Services, Inc. is a Texas corporation that is authorized to do and does business in Denton County, Texas and may be served at its corporate headquarters located at 118 Hillside Dr., Lewisville, TX 75057 or wherever it might be found.

3. Defendant, Earl B. Cotton is an individual who is a resident of Denton County, Texas and may be served at his place of business located at 118 Hillside Dr., Lewisville, TX 75057 or wherever he may be found.

### II. JURISDICTION, VENUE, AND DISCOVERY PLAN

4. Plaintiff was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"). At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

5. Defendants are all engaged in commerce or the production of goods for commerce within the meaning of the FLSA, and are obligated to ensure that all employees are paid in accordance with the FLSA.

6. This Court has jurisdiction to hear the merits of Plaintiff's claims because state courts have concurrent jurisdiction with federal courts on cases filed under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). In addition, Plaintiff's damages are within the jurisdictional limit.

7. Venue is proper as to all parties in Dallas County, Texas, because issues in Defendants either do business or live in Dallas County. By all knowledge and belief, Plaintiff resides in Dallas County and at least one Defendant resides in Dallas and both Defendants do business in Dallas County.

8. All conditions precedent were performed or have occurred.

9. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her FLSA claims as a collective action on behalf of herself and all other similarly situated employees of Defendant who elect to opt into this action.

10. Plaintiff intends that discovery will be conducted in accordance with a Level 2 discovery control plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. Plaintiff seeks monetary relief between $200,000 and $1,000,000.

### III.   FACTS

11. At all times relevant to this case, Defendants were an "employer" of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times relevant to this case, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

13. At all times relevant to this case, Defendants have been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s) (1), in that said enterprises have had (a) employees engaged in commerce or in the production of goods or commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. In addition, said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times relevant to this case, Plaintiff was an individual employee who was engaged in commerce pursuant to 29 U.S.C. §§ 206-207.

15. Plaintiff was employed by Defendants within the applicable statute of limitations.

16. Plaintiff was employed by Defendants from approximately July 27, 2009 to March 3, 2021 (hereinafter, the "Covered Period").

17. Plaintiff worked for Defendants in the role of Accounts Payable Specialist III.

18. In her almost twelve (12) years faithfully working for Defendants, Plaintiff consistently received excellent performance reviews and was never written up for behavior or performance.

19. In or around 2015, the United States Department of Labor (hereinafter referred to as "DOL") conducted an investigation into violations of failure to pay proper overtime pay and misclassifying employees for purposes of overtime.

20. The DOL determined that Plaintiff's position was non-exempt.

21. After the DOL's investigation, Defendant's employee, Richard Linnebur, told all employees to work whatever hours they wished but not to write down more than 40 hours in a week for purposes of the time card.

22. Plaintiff complied with Defendants order and submitted time cards reflecting 7am – 4pm work days.

23. Nevertheless, Plaintiff always arrived at work at 6:00am and left at 4:00pm working approximately one hour per day which amounted to five (5) hours of overtime per week from March 2018 to October 2019.

24. On or about October 2019, Ms. Snow requested that Plaintiff leave work at 3:30pm while continuing to come in at 6:00am but writing down 7:00am as the start time. As such, from October 2019 to March 3, 2021, when Plaintiff was terminated, Plaintiff worked approximately 30 minutes extra per day or 2.5 hours per week.

25. On or about December 2019, Karen Snow, Defendants' previous Controller left the position and a new controller namely Amy Sewell was transitioning into the position.

26. In addition, in her last week on the job, Ms. Sewell changed Plaintiff's classification from Non-exempt to exempt.

27. In addition, during her last week of work, Ms. Sewell asked Plaintiff to work more to make up for time lost due to the historic ice storm in the DFW area and Plaintiff worked an additional three (3) hours of overtime in her final week of work.

28. On or about March 2, 2021, Plaintiff sent Mr. Earl B. Cotton an email requesting to be paid for her overtime that was not being paid from the time of the 2015 DOL investigation until the date she wrote the email.

29. On or about March 3, 2021, Plaintiff received a termination letter claiming she was being terminated for insubordination and poor performance. She also received a second write-up regarding insubordination and poor performance on or about March 3, 2021.

30. Defendants were well-aware of Plaintiff's extra time worked and simply allowed her to work but ordered her not to count that time towards her work for payroll purposes.

31. Plaintiff was eventually terminated for illegitimate reasons.

32. After almost twelve (12) years of excellent service, she became the target of retaliation for asserting her FLSA rights and summarily terminated for requesting overtime under the FLSA as previous determined by the DOL.

33. The aforementioned acts and conduct by Defendants, its agents and employees were intentional, willful, wanton, malicious and outrageous.

### IV.   CAUSES OF ACTION - VIOLATIONS OF THE FLSA: OVERTIME AND RETALIATION

34. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

35. At all times relevant to this case, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty within a workweek.

36. Defendants also justified not paying overtime earned throughout the week by misclassifying employees as "salaried" and/or "exempt" employees.

37. Defendants failed to keep proper records of Plaintiff's time worked as well as those records of similarly situated employees.

38. In fact, Defendants caused Plaintiff and other to purposely falsify time sheet documents as a condition of their employment.

39. Defendants required Plaintiff to modify her hours worked on time records.

40. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages plus incurring reasonably attorneys' fees and costs.

41. Further, Plaintiff reported Defendant's failure to pay overtime and then was falsely accused of performance issues and summarily terminated, the next day after written communication of such complaints, from her position in retaliation for making such reports.

42. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages, interest, attorney's fees and court costs, back pay and front pay.

## VIII.   ATTORNEYS' FEES AND COSTS

43. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

44. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. and as allowed by the Texas Labor Code.

## IX.   REQUEST FOR DISCLOSURE

45. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose within 30 days of service of this Answer, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

## X.    JURY DEMAND

46.    Plaintiff requests a trial by jury.

## XI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Betty Carroll, respectfully requests that this Court award her judgment against Defendants C-CON Services, Inc. and Earl B. Cotton for the following:

a. Actual and consequential damages;

b. Liquidated damages;

c. Attorneys' fees and expenses;

d. Pre-judgment and post-judgment interest as allowed by law;

e. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

f. Judgments against Defendants that their violations of the FLSA were willful;

g. Costs of court; and

h. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**The Bhatti Law Firm, PLLC**

s/Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
5700 Tennyson Parkway, Suite 300
Plano, TX 75024
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
Vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF,
BETTY DIANE CARROLL**