UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BETTY DIANE CARROLL | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-327-SDJ |
| | § | |
| C-CON SERVICES, INC. ET AL | § | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to  be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses, the stipulations of fact, and the exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and from the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiff or the Defendants in arriving at your verdict.

## BURDEN OF PROOF

In this case, the Plaintiff must prove every element of her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that the Plaintiff has failed to prove any element of her claim(s) by a preponderance of the evidence, then she may not recover on that claim.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not  evidence.

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the stipulations of fact, and the exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires you to find the facts from a preponderance of all the evidence, both direct and circumstantial.

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that  at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the  trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## LIMITING INSTRUCTIONS

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

Plaintiff's Exhibit **61** has been admitted into evidence. If you determine that Plaintiff is entitled to overtime damages, this exhibit cannot be used to calculate any overtime damages.

## STIPULATIONS OF FACT

1. Plaintiff Betty Diane Carroll ("Plaintiff") was an employee of Defendant C-Con Services, Inc. from about July 27, 2009, until she was involuntarily terminated on March 3, 2021.

2. Plaintiff held the position of Accounts Payable Specialist III at the time she separated from Defendant C-Con Services, Inc.

3. The Accounts Payable Specialist III reviews purchase orders, statements, and invoices to verify amounts owed. The Accounts Payable Specialist III prepares and processes payments for vendor invoices and other financial obligations in accordance

with internal accounting policies.

4. Defendant C-Con Services, Inc. is an employer and an enterprise as defined by the Fair Labor Standards Act ("FLSA").

5. Defendant Earl B. Cotton is President of, and has a 100% ownership interest in, Defendant C-Con Services, Inc.

6. The Department of Labor investigated Defendant C-Con Services, Inc. from May 8, 2013 to May 7, 2015.

7. The Department of Labor issued an FLSA Narrative Report.

8. The Department of Labor Wage and Hour Division issued a Summary of Unpaid Wages for Plaintiff in the amount of $4,018.18 for a work period between May 11, 2013 and May 9, 2015.

9. In or about December 2019, Karen Snow, Defendants' previous Controller, left the position and a new controller, Amy Sewell, became the Controller.

10. Amy Sewell is an employee of Defendant C-Con Services, Inc., and Ms. Sewell was Plaintiff's supervisor at the time Plaintiff was terminated.

11. Plaintiff sent an e-mail to Defendant Earl B. Cotton on March 2, 2021, requesting to be paid overtime.

## INDIVIDUAL LIABILITY

Plaintiff contends that—in addition to Defendant C-Con Services, Inc.—Defendant Earl B. Cotton is also an "employer" within the meaning of the FLSA.

Under the FLSA, an "employer" includes any person acting directly or indirectly in the interests of an employer in relation to an employee.

There may be more than one "employer" under the FLSA.

To determine whether an individual is an employer, you should consider whether the individual:

1. possessed the power to hire and fire employees;

2. supervised or controlled employee work schedules or conditions of employment;

3. determined the rate or method of payment; and

4. maintained employee records.

4

Those who have operating control over a company's business or employees are employers under the FLSA along with the company.

The parties have agreed, or stipulated, that Defendant Earl B. Cotton is the 100% sole owner and President of Defendant C-Con Services, Inc. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved.

## FLSA OVERTIME CLAIM

Plaintiff claims that Defendant C-Con Services, Inc. and Defendant Earl B. Cotton (collectively, "Defendants") did not pay Plaintiff the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendants deny Plaintiff's claims and contend that Plaintiff is not entitled to any overtime pay under the FLSA, both because Plaintiff was administratively exempt under the FLSA during the relevant period, and because Plaintiff did not work any overtime during the relevant period.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

To succeed on her claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff was an employee of Defendants during the relevant period;

2. Plaintiff was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for the relevant period; and

3. Defendants failed to pay Plaintiff the overtime pay required by law.

The parties have agreed, or stipulated, that Defendant C-Con Services, Inc. employed Plaintiff during the time period involved. The parties have also agreed, or stipulated, that Plaintiff was engaged in commerce or in the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce during the time period involved. This means that both sides agree that these are facts. You must therefore treat these facts as having been proved. As a result, with respect to Defendant C-Con Services, Inc., only the third element of the FLSA overtime claim is in dispute—that is, whether Defendant C-Con Services, Inc. failed to pay Plaintiff the overtime pay required by law.

With respect to Defendant Earl B. Cotton, in addition to disputing the third element of the FLSA overtime claim, the parties also dispute the first element of the

FLSA overtime claim, whether Defendant Earl B. Cotton employed Plaintiff during the time period involved.

The FLSA requires that employees be paid for all hours worked. The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time she worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To calculate how much overtime pay Plaintiff earned in a particular week, multiply her regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

The FLSA requires employers to make, keep and preserve records of an employee's hours. The employee has the burden of proving the hours worked for which he or she was not properly compensated. In this case, Plaintiff claims that Defendants failed to keep and maintain adequate records of her hours and pay. Plaintiff also claims that Defendants' failure to keep and maintain adequate records has made it difficult for Plaintiff to prove the exact amount of her claim.

When an employer's records are inaccurate or inadequate, the employee may satisfy the burden by proving that he or she performed work that was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.

To prevail on a claim for overtime under the FLSA, a plaintiff must prove, by a preponderance of the evidence, that the employer failed to pay the plaintiff overtime for all hours worked in excess of 40 in one or more workweeks. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. An employee's time spent primarily for the benefit of the employer or the employer's business is "hours worked" only if the employer knew or had reason to believe that the employee was doing the work.

To recover for overtime hours the employee claims she worked without proper compensation, the employee must demonstrate that the employer had knowledge, actual or constructive, that she was working overtime. Constructive knowledge exists if an employer exercising reasonable diligence would become aware that an employee

is working overtime. But if the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA.

When an employer has a policy that an employee is not to work overtime without prior authorization, an employee cannot perform overtime work without the employer's knowledge and contrary to its instructions and then assert a right to be paid. At the same time, an employer who knows that an employee is working overtime and does not want the work to be done must make reasonable efforts to prevent it. If an employee in fact does overtime work and the employer knows or has reason to believe it, the employer cannot stand idly by and allow the employee to perform the work without proper compensation, even if the employee did not make a claim for the compensation at the time.

The statute of limitations for an unpaid-overtime FLSA claim is generally two years. The limitations period is extended to three years for willful violations. To prove willfulness and obtain the benefit of the three-year limitations period, an employee must establish that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

If Plaintiff proves, by a preponderance of the evidence, that Defendants willfully violated the FLSA's overtime provisions, the relevant period under which Plaintiff can recover damages is the three-year period from March 3, 2018, through March 3, 2021. If Plaintiff does not prove that Defendants willfully violated the FLSA's overtime provisions, but instead proves only that Defendants violated the FLSA's overtime provisions, the period under which Plaintiff can recover damages is the two-year period from March 3, 2019, through March 3, 2021.

An employer has the right to require an employee to adhere to its procedures for claiming overtime and an employee has a duty to notify her employer when she is working extra hours. If the employee fails to notify the employer of the overtime work or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the statute. If the employer neither knew nor had reason to believe that overtime work was being performed, the time does not constitute "hours worked."

In this case, Defendants claim as a defense that Plaintiff was exempt from the FLSA's overtime provisions during the relevant period. To establish that Plaintiff was exempt during the relevant period, Defendants must prove each of the following facts by a preponderance of the evidence:

For the relevant period up to and including December 31, 2019:

1. That Plaintiff was compensated on a salary or fee basis at a rate of not less than $455 per week, exclusive of board, lodging or other facilities;

2. That Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

3. That Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

For the relevant period after and including January 1, 2020:

1. That Plaintiff was compensated on a salary or fee basis at a rate of not less than $684 per week, exclusive of board, lodging or other facilities;

2. That Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

3. That Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

The parties have agreed, or stipulated, that Plaintiff made no less than $455 per week, exclusive of board, lodging or other facilities for the relevant period up to and including December 31, 2019, and that Plaintiff made no less than $684 per week, exclusive of board, lodging or other facilities for the relevant period after and including January 1, 2020. This means that only the second and third elements of the exemption defense—whether Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and whether Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance—are in dispute.

## FLSA RETALIATION CLAIM

Plaintiff claims that she was retaliated against by Defendants for engaging in activity protected by the FLSA. Plaintiff claims that she requested to be paid overtime wages due to her under the FLSA. Plaintiff claims that Defendants then retaliated against her by terminating her employment.

Defendants deny Plaintiff's claims and contend that Plaintiff was terminated for cause, which cause included poor work performance and insubordination.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by the FLSA. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff engaged in protected activity under the FLSA;

2. Defendants terminated Plaintiff; and

3. Defendants' decision to terminate Plaintiff was on account of her engaging in protected activity under the FLSA.

Plaintiff may also prove retaliation by proving, by a preponderance of the evidence, that Defendants terminated her because Defendants believed Plaintiff was engaging in protected activity, even if that belief was mistaken.

You need not find that the only reason for Defendants' decision to terminate Plaintiff was due to Plaintiff having engaged in protected activity under the FLSA. But you must find that Defendants' decision to terminate Plaintiff would not have occurred in the absence of—but for—her engaging in protected activity under the FLSA.

Protected activity includes the filing of any complaint, or instituting or causing to be instituted any proceeding, under or related to the FLSA.

If you disbelieve the reason Defendants have given for the decision to terminate Plaintiff, you may, but are not required to, infer that Defendants would not have decided to terminate Plaintiff but for her engaging in the protected activity.

## FLSA RETALIATION DAMAGES

If you find that Defendants violated the FLSA by retaliating against Plaintiff for engaging in protected activity, then you must determine whether they have caused Plaintiff damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence, and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: (1) back pay and benefits; (2) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses; and (3) punitive damages.

Back pay and benefits include the amounts the evidence shows Plaintiff would have earned had she remained an employee of Defendants from the date of her discharge to the date of your verdict, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, Defendants prove, by a preponderance of the evidence, that Plaintiff received in the interim.

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Plaintiff for any injury she has sustained. Do not include as compensatory damages back pay or interest on back pay and/or benefits.

Punitive damages are those damages designed to punish a defendant and to deter a defendant and others from engaging in similar conduct in the future. In this case, you may award punitive damages if Plaintiff proves, by a preponderance of the evidence, that: (1) the individual who engaged in the retaliatory act(s) or practice(s) was a managerial employee; (2) he or she engaged in the retaliatory act(s) or practice(s) while acting in the scope of his or her employment; and (3) he or she acted with malice or reckless indifference to Plaintiff's federally protected right to be free from retaliatory acts or practices.

If Plaintiff has proven these facts, then you may award punitive damages, unless Defendants prove, by a preponderance of the evidence, that the act was contrary to Defendants' good faith efforts to prevent retaliation in the workplace.

In determining whether the person who engaged in the retaliatory act(s) or practice(s) was a "managerial employee" of Defendants, you should consider the type of authority he or she had over Plaintiff and whether Defendants delegated employment decisions to him or her.

An action was taken in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous retaliation to recover punitive damages. However, proof that Defendants engaged in intentional retaliatory act(s) or practice(s) is not enough in itself to justify an award of punitive damages.

In determining whether Defendants made "good faith efforts" to prevent retaliation in the workplace, you may consider things like whether Defendants adopted anti-retaliation policies, whether employees were educated by Defendants on the federal anti-retaliation laws, how Defendants responded to Plaintiff's complaint under or related to the FLSA, and how Defendants responded to other complaints under or related to the FLSA.

## DUTY TO DELIBERATE; NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED at Plano, Texas, this 16th day of September, 2022.

_____
Honorable Sean D. Jordan
United States District Judge

11