UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BETTY DIANE CARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-327-SDJ |
| | § | |
| C-CON SERVICES, INC. | § | |
| & EARL B. COTTON | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

TO THE HONORABLE SEAN JORDAN:

On September 19, 2022, a unanimous jury found that Defendant C-Con Services, Inc. ("C-Con") willfully violated the Fair Labor Standards Act ("FLSA") by failing to pay Carroll overtime wages and retaliation in violation of the FLSA, and awarded Plaintiff compensatory damages and back wages/benefits. Dkt. No. 69. On September 6, 2023, the Court entered its Final Judgment awarded $139.99 in FLSA overtime damages, $4,848.00 in FLSA back pay, $139.99 in liquidated damages, and post judgment interest on all amounts awarded to Carroll through this suit at a rate of 3.91%. Dkt. No. 79. Pursuant to Federal Rule of Civil Procedure Rule 54, Plaintiff Betty Carroll has now submitted this motion within 14 days after entry of judgment.

As the prevailing party in this litigation, Plaintiff Betty Diane Carroll moves for an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54(d). Plaintiff Betty Diane Carroll files this Motion for Attorneys' Fees and Costs seeking to recover actual and reasonable attorneys' fees in the amount of $152,955.00 and taxable costs in the amount of 1,980.05 in addition to the amount awarded to Plaintiff by the jury and this Court.

### A. The Legal Standard for Awarding Fees and Costs to Prevailing FLSA Plaintiff.

Under the Fair Labor Standards Act, the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Saizan*, 448 F.3d at 799 & n.7. Similarly, under Fed. R. Civ. P. 54(d), a court is allowed to award attorney's fees for claims to the prevailing party for claims brought under the FLSA. *See Buchannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Services*, 532 U.S. 598, 603 (2001)(defining "prevailing party" as "one who has been awarded some relief by the court ...."). There can be no doubt that Carroll is the prevailing party on her FLSA overtime and retaliation claims. The jury found that C-Con willfully deprived Carroll of overtime compensation required under the law.

This result came only after Carroll's counsel incurred risk and expended considerable time pursuing her claims in this Court through trial. Consequently, Carroll requests $152,955.00 in attorney's fees as fair compensation for both Vincent J. Bhatti and Ditty S. Bhatti. That amount represents the product of her attorneys' reasonable hourly rates and the time reasonable and necessary to prove C-Con's willful overtime violations, FLSA retaliation, and Carroll's damages.

In support, Carroll submits an appendix containing the declarations of lead counsel Ditty S. Bhatti and trial counsel Vincent J. Bhatti. The appendix also includes detailed billing and expense records. Ditty Bhatti Dec. Exh. 1, ¶ 18, Exhibits 1-B and 1-C; Vincent Bhatti Dec. Exh. 2, ¶ 23. These records demonstrate both the reasonableness of the time spent and the billing judgment employed prior to this request.

B.  **The Lodestar Calculation of Carroll's Fees[1]**

Unlike Title VII and 42 U.S.C. § 1988, where courts have discretion to deny attorney's fees, an award of attorney's fees to the prevailing plaintiff is mandatory under the FLSA. *Compare* 42 U.S.C. § 2000e-5(k)("In any action proceeding under this subchapter the court, in its discretion, may allow...") *and* 42 U.S.C. § 1988 *with* 29 U.S.C. § 216(b)(using "shall"); *see also Tyler v. Union Oil Co.*, 304 F.3d 379, 399 (5th Circ. 2002). Section 216(b) states that courts "shall, in addition to any judgment awarded to the plaintiff ..., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Section 216(b)'s fee-shifting provision ensures that workers have effective access to the judicial process by removing financial barriers. *Id*. The fee-shifting should not be interpreted in a grudging or narrow manner. *See Tenn. Coal, Iron & R. Co. v. Muscola Local No. 123*, 321 US 590, 597 (1944).

> 1. <u>Carroll is the prevailing party because she succeeded on the significant issue of C-Con's willful FLSA violations, including but not limited to, FLSA failure to pay overtime and FLSA retaliation.</u>

Although the statutes differ in important respects, Fifth-Circuit courts borrow Section 1988's "prevailing party" element when applying the FLSA's fee-shifting statute. *E.g. Tyler*, 304 F.3d at 404. The plaintiff "prevails" if she "succeed[s] on any significant issue in litigation which achieves some of the benefit" sought in bringing suit. *Hensley*, 461 U.S. at 433 (citations omitted). Thus, to qualify for attorney's fees, the plaintiff need only "obtain at least some relief on the merits of [her] claim." *Tyler*, 304 F.3d at 404 (citing *Farrar v. Hobby*, 506 U.S. 103 (1992).)

---

[1] Carroll will supplement this motion with additional fees and costs that may be necessitated by replying to the defendant's opposition, as well as by any post-judgment motion the defendant may file.

C-Con cannot seriously dispute that Carroll met – even exceeded – this threshold. Carroll received a jury verdict stating the C-Con intentionally or recklessly violated the FLSA and that she was terminated in retaliation of the FLSA.

Any potential allegation by Defendant C-Con that any failure to prevail on every contention raised in this lawsuit is insufficient to reduce an otherwise reasonable fee, much less to deny that she prevailed. *See Hensley*, 461 U.S. at 435. Carroll need only "obtain at least some relief on the merits of [her] claim," which she has done. *Tyler*, 304 F.3d at 404 (citing *Farrar v. Hobby*, 506 U.S. 103 (1992)). She is the "prevailing party" under 29 U.S.C. § 216(b).

2. <u>The Court should grant Carroll's request based on the "lodestar" calculation.</u>

Since Carroll is the prevailing party, the Court must determine the "reasonable" fee to which she is entitled. *Hensley*, 461 U.S. at 432. The Fifth Circuit utilizes the two-step "lodestar" method – the predominant approach used by federal courts[2] – in reaching this figure. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 798 (5th Cir. 2006); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). First, a court multiplies the number of hours reasonably expended by the attorneys' reasonable hourly rates. *Id*. The product – termed the "lodestar" – is presumptively the reasonable fee amount and should be modified only in exceptional cases. *Nassar v. UT Southwestern Med. Ctr.*, No. 3:08-cv-1337-B, 2010 WL 3000877, *2 (N.D. Tex. Jul. 27, 2010)(citing *Perdue*, 130 S. Ct. at 1673). The court considers whether the case presents exceptional circumstances, including one or more of the factors in *Johnson v. Ga. Highway Express, Inc.*, the presumption underlying the lodestar is a "strong one". *Id*.

---

[2] *Perdue v. U.S. ex rel. Kenny A.*, __ U.S. __, 130 S.Ct. 1662, 1673 (2010).

### 3. The Hours Reasonably Expended

"'[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours ...'" *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010). The billing records of the attorneys seeking compensation in a fee motion are the startingpoint of the Court's determination of the hours reasonably expended on behalf of Bryant. *Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939 (1983) ("[t]he party seeking an award of fees shouldsubmit evidence supporting the hours worked"); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Plaintiffs' lawyers' declarations concerning the accuracy of their contemporaneous billing records are presented in Exhibits 1-A and 1-B (task descriptions in chronological order) to this motion.

For submitting this motion, the firm's contemporaneous time records were checked against other "'contemporaneous records, briefs or memoranda to ensure against recording errors,'" and otherwise edited for clarity and completeness so as "to allow 'this Court to make an informed decision about the relevance and appropriateness of the entry.'" *Cobell v. Norton*, 407 F. Supp. 2d 140, 155 (D.D.C. 2005). Time claimed in a billing record must be reasonable in order to be compensable. *League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). A lesser amount would be inadequate "to induce competent counsel to undertake [representation in this] meritorious civil rights case," and therefore would fall short of the FLSA's requirements. *See Perdue v. Kenny A. ex rel. Win*, 559 U.S. 542, 550 (2010).

The supporting declarations testify that the time claimed for compensation was reasonably necessary for representing Carroll in this litigation. Exhibit 1, Declaration of Ditty S. Bhatti, ¶ 23-27; Exhibit 2, Declaration of Vincent J. Bhatti, ¶¶ 4, 22, and 24. Moreover, the plaintiff's approach to discovery was extremely restrained: she only issued written discovery requests and took zero depositions. Exhibit 1, Declaration of Ditty S. Bhatti, ¶ 25.

"[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prod. Co*., 448 F.3d 795, 799 (5th Cir. 2006). Plaintiff has provided documentation and proof of exercising billing judgment both in the Declaration of Ditty Bhatti and Vincent Bhatti.

Ditty Bhatti and Vincent Bhatti exercised discretionary billing judgment by eliminating or reducing time he would not charge to any prevailing Plaintiff if that Plaintiff, instead of Defendant, were paying the bill, consistently with *Hensley v. Eckerhart*, 461 U.S. 423, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983) ("In the private sector, 'billing judgment' is an important component in fee setting."). Time increments that were eliminated or reduced – either by Ditty Bhatti or Vincent Bhatti – are evident in Exhibits 1, 1-A, 1-B, and 2. Ditty Bhatti and Vincent Bhatti's declarations and billing records display billing judgment in terms of reduction to certain discrete time entries, including but not limited to mediation and travel time. Ditty Bhatti, Exh. 1, ¶¶ 28-21; Vincent Bhatti Dec., Exh. 2, ¶¶ 23-25. Moreover, Vincent Bhatti exercised billing judgment on the front end. He did not bill for entries for minor tasks, such as reviewing emails, sending email responses, and discussions with Carroll. The entries for Vincent Bhatti represent the time he felt was justifiable in representing Carroll. Exhibit 1-B; Vincent Bhatti, Exh. 2, ¶ 24-25.

After mediation, Ditty Bhatti handled the majority of the day-to-day tasks of the litigation. Ditty Bhatti, Exh. 1, ¶ 5. As such, there was little to no redundant tasks performed by other lawyers the stage of litigation, which including preparing for a federal jury trial. Nonetheless, Ditty Bhatti took billing reductions to her own time to zero out or reduce time spent on minor tasks, such as

reviewing simple e-mails or sending quick e-mails such as confirming meetings or quick questions. *Id.* at ¶¶ 28-31.

Plaintiff's billing judgment reductions eliminated 27.8 hours from the originally-logged gross billable hours, including 9.6 hours of Ditty Bhatti's hours and 18.2 of Vincent Bhatti's hours. *Id.* at ¶ 31. The amount of time left after the billing judgment reductions is both expected and reasonable.

4. The Reasonable Hourly Rate

Once the compensable time is determined, the Court's second step is to determine a reasonable hourly rate "according to the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547 (1984), i.e., in Plano, where the case was tried. Because of proximity, "the Dallas-Fort Worth legal market can be an appropriate guide for determining the reasonableness of rates" in the Sherman Division. *Crane v. Rave Rest. Grp.*, 2022 WL 403291, at *5 n.5 (E.D. Tex., Sherman Div., Feb. 9, 2022) (Mazzant, J.).

The lawyers for whom Plaintiffs seek compensation and their rates are charted below:

| Attorney | Year Licensed | Requested Rate |
|---|---|---|
| Ditty S. Bhatti | OK – 2007<br>TX – 2008 | $450 |
| Vincent J. Bhatti | TX – 2006 | $450 |

The Declaration of David L. Wiley also supports the reasonableness of this rate based on the rates of other attorneys with similar experience. Exhibit 1-D, Wiley Declaration, pp. 25-27, 35.

The charted rates, well-supported by the evidence, are the rates the Court should determine to be reasonable and use to calculate the lodestar fee. The presumptively correct lodestar fee,

based on the reasonable hours documented in Exhibits 1-A and 1-B and totaled in 152,955.00, and on the hourly rates documented in the supporting declaration, is:

| **Attorney** | **Hours** | **Rate** | **Lodestar Fee** |
|---|---|---|---|
| Ditty S. Bhatti | 194.9 | $450 | $87,705.00 |
| Vincent J. Bhatti | 145 | $450 | $65,250.00 |
| **Totals** | **339.9** | | **$152,955.00** |

### C.   The *Johnson* Factors do not Warrant an Adjustment Up or Down

Although the lodestar is presumed to be the reasonable fee, a consideration of the *Johnson* factors may, in some cases, persuade the Court that the presumption is incorrect. The *Johnson* factors are:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) ... ;[3] (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19. But no adjustment may be made on the basis of a *Johnson* factor that has already been considered in setting either of the lodestar components (the reasonable hours or the reasonable rates). *Black*, 732 F.3d at 502 ("[t]he lodestar may not be adjusted due to a Johnson factor that was already taken into account during the initial calculation of the lodestar").

The case law, however, has since developed, and it is now well-recognized that it is inappropriate to increase or decrease the lodestar attorney fee by many of the *Johnson* factors.

---

[3] The sixth factor was "whether the fee is fixed or contingent," but it was eventually overruled. *Rutherford v. Harris County*, 197 F.3d 173, 193 (5th Cir. 1999) ("the Supreme Court has barred any use of this factor").

District courts in the Fifth Circuit have recognized that factor one-time and labor required- and factor five-the fee customarily charged- are already subsumed in the lodestar calculation and should be re-considered. *Id. Sales v. Bailey,* No. 2:12-CV-00056-SA-SAA, 2015 WL 1825060, at *4 (N.D. Miss. Apr. 22, 2015). "Both the Supreme Court and Fifth Circuit have held that *Johnson* factors two, three, eight, and nine are presumably fully reflected in the lodestar amount. The Fifth Circuit has further held the seventh factor to be subsumed into the lodestar analysis." *Id.* (citations omitted); *See also Perdue v. Kenney A.*, 559 U.S. 542, 553 (2010) (holding that factors 2 and 3 generally should not be used to adjust the lodestar because the novelty and complexity of the case 'presumably are fully reflect in the number of billable hours recorded by counsel' and the quality of an attorney's performance "are normally reflected in the reasonable hourly rate'). The U.S. Supreme Court has also prohibited any consideration of the sixth factor - "whether the fee is fixed or contingent." *Rutherford v. Harris County*, 197 F.3d 173, 193 (5th Cir. 1999).

That means factor 1—time and labor required, factor 2—novelty and difficulty of issues, factor 3—skill required, factor 5—customary fee, factor 6—whether the fee is fixed or contingency, factor 7—time limitations posed by the circumstances or client, factor 8—amount involved and results obtained-, and factor 9—counsel's experience, reputation, and ability, should not be re-considered once the lodestar is fixed.

All of the *Johnson* factors appear to be already accounted for in the lodestar (though the possibly of doing so *reliably* was the *Perdue* Court's chief complaint about them: "This method, however, 'gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results.'" *Perdue*, 559 U.S. at 551, 130 S. Ct. at 1672). The only one that merits

discussion is (8), given that "'the most critical factor in determining an attorney's fee award is the degree of success obtained,'" *Black*, 732 F.3d at 503, and it weighs entirely in favor of the full lodestar without reduction.

Carroll was successful on the FLSA failure to pay overtime and FLSA retaliation claims, which were the only claims brought in this lawsuit and presented to the jury. Carroll therefore contends that the lodestar fee already captures all of the *Johnson* factors relevant to setting a reasonable fee for this action, particularly in light of the verdict in favor of Plaintiff.

Counsel's work on this case necessarily precluded other work. And counsel's contingent fee relationship between Carroll and the firm argue for a full fee. Carroll's counsel undertook this case wholly on a contingent basis and bore the risk in order to pursue Carroll's overtime claims – as Congress intended – through this private litigation. Reducing counsel's award below the already-reduced requested lodestar only disserves the national policy of encouraging private enforcement of the FLSA.

C-Con will likely argue (however incorrectly) that a *Johnson* reduction is necessary because Carroll achieved only limited success in monetary terms. Such an attack would *violate* the holdings of *Saizan* and *Singer*, and now *Black*, which each hold that it is impermissible to reduce the lodestar amount based solely upon this one *Johnson* factor. *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013)("However, this Court has also held that "[w]hile a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *Saizan*, 488 F.3d at 799; accord Singer, 324 F.3d at 830; *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000)."

It is the nature of FLSA claims that fee request often exceeds the amount of judgment by many multiples. *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. App'x 341, 342 (5th Cir.

Jan. 30, 2007)(citing examples); *see also Lucio-Cantu v. Vela*, 329 Fed. App'x 866, 868 (5th Cir. May 8, 2007)(upholding $51,750 in fees though plaintiffs recovered only de minimis damages); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990)(affirming 7.8-times multiple between overtime recovered and fee award); Fegley v. Higgins, 19 F.3d 1126, 1134-35 (6th Cir. 1994)(nearly 20 years ago, affirming $40,000 in fees on award of $7,680 in overtime); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983)(nearly 30 years ago, affirming award of $100,000 in attorney's fees where plaintiff recovered $18,455 in damages). Courts in this circuit routinely award fees far in excess of the FLSA damages recovered.

- In *Black v. Settlepou, P.C.*, Case No. 3:10-cv-1418-K, Northern District of Texas, July 17, 2014, Dt. No. 159, the Fifth Circuit Court reversed the Northern District of Texas' reduction of attorneys' fees, and awarded a total of $313,552.31 on an award of approximately $23,747.58 in damages (for actual damages under the FLSA and liquidated damages).

- In *Howe v. Hoffman-Curtis Partners Ltd.*, LLP, 215 Fed. App'x 341, 342 (5th Cir. Jan. 30, 2007), the Fifth Circuit affirmed $125,805 in attorney's fees where the plaintiff recovered $23,357 in damages.

The Supreme Court and the Fifth Circuit both recognize that the scale of monetary recovery in civil rights and FLSA cases does not limit the amount of "reasonable attorney's fees. *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986); *Volk v. Gonzales*, 262 F.3d 528, 535 (5th Cir. 2001). This is because "private civil-rights litigation serves the public purpose of vindicating important rights on a large scale, even though large sums of money may not be at stake." *Volk*, 262 F.3d at 535. For that reason the Fifth Circuit has repeatedly "declined to adopt a rule of proportionality between damages and attorney's fees." *Hollowell v. Orleans Reg. Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000); *Cobb v. Miller*, 818 F.2d 1227, 1235 (5th Circ. 1987). Instead, "[w]hile a low

damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *Saizan*, 448 F.3d at 799.

### D.  Carroll's Costs

As with attorney fees, federal law entitles Carroll to her court costs. U.S.C. § 1920; 29 U.S.C. § 216(b)("The court in such action shall, in addition to any judgment awarded to the plaintiff… allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "Costs" include not just the costs that are available to a prevailing party under 28 U.S.C. § 1920, but all other costs that an attorney would normally charge to a fee-paying client in a TitleVII case. *See, e.g.*, *Mota v. Univ. of Texas Houston Health Science*, 261 F.3d 512, 529 (5th Cir. 2001) (reasonable attorney's fee under 42 U.S.C. § 2000e-5(k) includes costs items *beyond those allowed under 28 U.S.C. § 1920*, including all reasonable costs charged a fee-paying client). The Fifth Circuit, examining a similar civil-rights fee-shifting statute, has commented that "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable." *See Associated Builders & Contractors v. Orleans Parish School Board*, 919 F.2d 374, 380 (5th Circ. 1990); *Lewallen v. City of Beaumont*, 2009 WL 2175637, *15 (E.D. Tex. July 20, 2009)(*quoting Associated Builders & Contractors*); *see also West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395-96 (5th Cir. 2003)(citations omittted).

The total costs incurred are as follows and the invoices are attached as Exhibit 1-C.

| Date | Description | Amount |
| --- | --- | --- |
| 3/17/2021 | Filing Fee + Issuance of Citations (2) | $293.00 |
| 4/3/2021 | Service of Process on C-Con Services | $62.48 |
| 4/3/2021 | Service of Process on Earl Cotton | $123.38 |
| 1/25/2022 | Mediation Fee | $800.00 |
| 9/10/2022 | Trial Supply Costs | $457.46 |
| 9/10/2022 | Trial Copy Costs ($.10/page) (2,473 pages) | $243.73 |
| **Total Costs** | | **$1,980.05** |

Here, Carroll does not seek travel expenses, postage, or pre-trial copy costs. Thus, Carroll seeks $1,980.05 in taxable costs and other out-of-pocket expenses.

### E.     Post-Judgment Interest on the Award of Fees and Costs

An award of fees and costs accrues interest from the date of the judgment on the merits that establishes the right to the award of fees and costs. *Louisiana Power & Light*, 50 F.3d at 332. Plaintiff asks that he be awarded post-judgment interest on his fees and costs from the date the court enters judgment on the merits.

### F.     Conclusion

Carroll's lawyers have fully complied with their obligations in seeking fees and costs in this case. They maintained meticulous, detailed contemporaneous records of their time and expenses. They have exercised billing judgment and deleted from this request time that was unnecessary, duplicative or unreasonable for any reason. And, they have sought for themselves (and for others in their firms) billing rates that are consistent with the standard of reasonablenessdocumented in the numerous supporting declarations.

Therefore, the Court should award fees, costs, and post-judgment interest as set forth the attached proposed order.

Respectfully submitted,

**THE BHATTI LAW FIRM, PLLC**

*/s/ Ditty S. Bhatti*
**VINCENT J. BHATTI**
State Bar No. 24055169
**DITTY S. BHATTI**
State Bar No. 24062803
5700 Tennyson Parkway, Suite 300
Dallas, TX 75024
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF CONFERENCE

I hereby certify that I have previously discussed (via email) the resolution of this issue with Darrel Smith attorney for Defendants C-Con Services, Inc. on September 18, 2023, and would advise the Court that Defendants oppose the motion on September 19, 2023.

/s/*Ditty S. Bhatti*
Ditty S. Bhatti

### CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023 I electronically filed a true and correct copy of the foregoing document in compliance with Local Rule CV-5. As such, this document was served on all counsel by electronic service.

/s/*Ditty S. Bhatti*
Ditty S. Bhatti