UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BETTY DIANE CARROLL | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-327-SDJ |
| | § | |
| C-CON SERVICES, INC., ET AL | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Betty Diane Carroll's Motion for an Award of Attorneys' Fees and Costs, (Dkt. #80), wherein Carroll requests $152,955 in attorney's fees. For the following reasons, the Court concludes that Carroll's motion should be granted in part. Carroll will be awarded $86,164.65 in attorney's fees.

## I. BACKGROUND

Plaintiff Betty Diane Carroll brought suit against Defendants C-Con Services, Inc. and Earl B. Cotton, alleging that Defendants failed to pay her required overtime and fired her in retaliation for requesting overtime in violation of the Fair Labor Standards Act ("FLSA"). Following a one-week trial, the jury returned a verdict in favor of Carroll, concluding that C-Con had willfully failed to pay Carroll overtime wages and that C-Con had unlawfully retaliated against her.[1] However, although Carroll had requested $42,816.02 in unpaid overtime wages and $85,400 in back pay, the jury only awarded Carroll $139.99 in unpaid overtime wages and $4,848 in back pay.

---

[1] The jury determined that, in his individual capacity, Defendant Cotton was not an "employer" of Carroll as that term is defined under the FLSA, thereby relieving Cotton of any individual liability. (Dkt. #69 at 1). Thus, the Court will only refer to Defendant C-Con in this order.

1

Displeased with the verdict, Carroll subsequently moved for judgment as a matter of law, additur, or a new trial, as well as for liquidated damages and front pay. She asserted that she was entitled to $42,816.02 in overtime, $85,400 in back pay, $158,266 in front pay, and $139.99 in liquidated damages. The Court denied the bulk of Carroll's motion, declining to disturb the jury's findings and awards, and only determining that Carroll was entitled to $139.99 in liquidated damages and post-judgment interest on all amounts awarded—both of which are required by the FLSA. (Dkt. #78).[2]

In accordance with Federal Rule of Civil Procedure 54(d)(2), Carroll moves for an award of attorney's fees in the amount of $152,955. (Dkt. #80). The Court now considers whether Carroll should be awarded her full request.

## II. Legal Standard

Pursuant to the FLSA, courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Based on the plain language of the FLSA, an award of attorney's fees to the prevailing plaintiff is mandatory. *See Singer v. City of Waco*, 324 F.3d 813, 829 n.10 (5th Cir. 2003) ("The FLSA requires an employer who violates the statute to pay attorney's fees."). To determine the appropriate amount of attorney's fees that should be awarded, courts first determine the lodestar, which is

---

[2] Pursuant to the FLSA, an employer who failed to pay overtime in violation of the FLSA is liable for the "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Post-judgment interest is also statutorily mandated. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

calculated "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* at 829 (cleaned up). After calculating the lodestar, courts apply the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to determine whether the lodestar should be adjusted. *Singer*, 324 F.3d at 829.

In calculating attorney's fees, the Court's goal "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). "The Court is also an expert on reasonableness of fees and may use its own experience in deciding a fee award." *Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F.Supp.3d 892, 904 (E.D. Tex. 2017).

## III. DISCUSSION

Carroll requests $152,955 in attorney's fees, representing counsel's 339.9 billable hours at a rate of $450 per hour.[3] The parties do not dispute that Carroll proved that Defendant violated the FLSA by failing to pay her overtime and retaliating against her. Thus, under the FLSA's plain text and Fifth Circuit precedent, Carroll is entitled to at least *some* award of attorney's fees. *See Singer*, 324 F.3d at 829 n.10. However, Defendant contests Carroll's calculation, asserting that neither her proposed hourly rate nor her proposed hours are reasonable. Defendant also contends that Carroll's limited success—securing just over $5,000 of a nearly-$300,000 request—should greatly reduce the award. The Court will first

---

[3] Carroll is represented by Ditty Bhatti and Vincent Bhatti. According to Carroll, Ditty Bhatti's reasonable hours are 194.9, and Vincent Bhatti's reasonable hours are 145. (Dkt. #80 at 8). Carroll contends that $450 is a reasonable hourly rate for both attorneys. (Dkt. #80 at 8).

calculate the lodestar and then consider the applicable *Johnson* factors, including Carroll's success.

## A. The Lodestar

### 1. Reasonableness of the Proposed Rates

The touchstone principle in evaluating the reasonableness of the rates charged is that the moving party must demonstrate through "satisfactory evidence" that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (cleaned up). The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (cleaned up).

Carroll attaches the declaration of David L. Wiley, the former Chair and former Chair Emeritus of the State Bar of Texas Labor and Employment Law Section and the former President of the Texas Employment Lawyers Association ("TELA") to establish that a rate of $450 per hour is reasonable. (Dkt. #80-5 at 25–27). To support his conclusion that $450 is reasonable, Wiley relies on TELA's 2023 Attorneys' Fees Hourly Rates Yearbook for Employment Law ("TELA Yearbook"), which lists past fees awarded in various cases in the Northern District of Texas and the Eastern District of Texas. (Dkt. #80-5 at 25–26). He explains that $450 is reasonable because it is within the $400–$1,200 range that courts in those districts have awarded employment law attorneys with comparable experience to Carroll's counsel.

4

(Dkt. #80-5 at 25–26) (showing hourly rates of twenty-eight attorneys who received their JDs between 2006 and 2018).

Although the TELA Yearbook is instructive, it is insufficient to support Carroll's proposed hourly rate. Instead, the Court finds that data compiled by the State Bar of Texas in 2015[4] and 2019[5] are the best evidence of the prevailing rates. The sample sizes for the State Bar of Texas Reports are much larger than the TELA Yearbook, and the Reports provide more targeted data, as they contain statistics for the locality where the Court sits, rather than just for the Northern and Eastern Districts at large. Further, courts routinely consider Texas State Bar data, so this Court is in good company with other judges who were tasked with calculating a reasonable rate. *See, e.g.*, *Fernandes v. Northline Enters., Inc.*, No. H-21-482, 2022 WL 3229510, at *3 (S.D. Tex. July 25, 2022), *report and recommendation adopted*, 2022 WL 3227872 (S.D. Tex. Aug. 9, 2022); *Peterson v. Tenant Tracker, Inc.*, No. 6:20-CV-588, 2021 WL 4956244, at *2 (E.D. Tex. Sept. 30, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 4950389 (E.D. Tex. Oct. 25, 2021); *Leal v. All-City Trailer Repair, L.P.*, No. 3:16-CV-3274, 2018 WL 4913786, at *2 (N.D. Tex. Oct. 10, 2018); *Alex v. KHG of San Antonio, LLC*, 125 F.Supp.3d 619, 624–25 (W.D. Tex. 2015) (collecting cases).

---

[4] *See* STATE BAR OF TEXAS DEPARTMENT OF RESEARCH AND ANALYSIS, 2015 HOURLY FACT SHEET (2016), https://www.texasbar.com/AM/Template.cfm?Section+Demographic_and_Economic_Trends&Template=/CM/contentDisplay.cfm&ContentID=34182 ("2015 Report").

[5] *See* STATE BAR OF TEXAS, 2019 INCOME AND HOURLY RATES, https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=54237 ("2019 Report").

By extrapolating relevant data from the 2015 and 2019 Reports, the Court can calculate the median hourly rate for attorneys with characteristics comparable to Carroll's counsel: labor and employment attorneys in the Dallas-Fort Worth-Arlington metropolitan area ("DFW") in 2022—the year the case was tried—with approximately fifteen years of experience. In 2015, the median rate for labor and employment attorneys in DFW was $280. 2015 Report at 10. The 2015 Report also reveals that attorneys with eleven to twenty years of experience made approximately 15.4% more than the median attorney. 2015 Report at 2, 12. Further, the 2019 Report shows that the median hourly rate throughout Texas increased by an average of 2.8% per year from 2007 to 2019. 2019 Report at 9.

Starting with the $280 rate for labor and employment attorneys in DFW in 2015 and increasing that figure at the 2.8% average growth rate per year yields an hourly rate of $339.71 in 2022. Adding the premium of 15.4% for counsel's approximately fifteen years[6] of experience increases the rate to just over $390—which the Court finds to be a reasonable rate. Thus, $390 is the appropriate hourly rate for the lodestar calculation.

### 2. Reasonableness of the Proposed Hours

The second input for the lodestar calculation is the reasonable number of hours expended in prosecuting the case. To prove the reasonableness of an attorney's hours, the moving party must provide "contemporaneous billing records or other documents" from which the Court can determine "which hours are compensable." *Vaughan v.*

---

[6] Ditty Bhatti was licensed in 2007 and Vincent Bhatti was licensed in 2006. (Dkt. #80 at 7).

*Lewisville Indep. Sch. Dist.*, No. 4:19-CV-109-SDJ, 2021 WL 6125786, at \*5 (E.D. Tex. Dec. 28, 2021), *vacated on other grounds*, 62 F.4th 199 (5th Cir. 2023). Further, "[a]ttorneys must exercise 'billing judgment' by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards." *Durene v. Brinker La. Inc.*, No. 21-1568, 2022 WL 2828831, at \*3 (E.D. La. July 20, 2022) (cleaned up).

Here, Carroll's counsel worked 367.7 gross billable hours, which counsel reduced to 339.9 hours after exercising billing judgment. Defendant posits that "much of the time was completely redundant and unnecessary," and claims that Carroll's counsel each charged for the work that was performed by one attorney. (Dkt. #86 at 6). However, Defendant does not point to any specific entries that it contends should be excluded. Generally, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing." *Hoffman v. L & M Arts*, No. 3:10–CV–0953, 2015 WL 3999171, at \*5 (N.D. Tex. July 1, 2015). "It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Id.*

The Court has reviewed the billing records and concludes that they are reasonable. The entries are sufficiently detailed, and the Court did not find—and Defendant does not point to—any duplicative or unnecessary entries. And while both attorneys charged for all five days of the trial, that's because both attorneys worked the trial. The Court observed Ditty Bhatti serving as lead counsel, while Vincent

Bhatti assisted Ditty Bhatti—an arrangement Ditty Bhatti confirmed in her declaration. *See* (Dkt. #80-1 ¶¶ 5–6). Both attorneys are entitled to payment for their trial work. Defendant's conclusory assertion that hours were double-charged is insufficient, and thus the Court concludes that 339.9 hours is reasonable.

*    *    *

Based on the foregoing analysis, the Court concludes that the lodestar is $132,561, which is the product of the reasonable rate of $390 and the 339.9 reasonable hours. Having determined the lodestar, the Court now turns to the *Johnson* factors to determine whether the Court should deviate from that amount.

## B. The *Johnson* Factors

The twelve Johnson factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

The Supreme Court has explained that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (cleaned up). In suits for damages, such as this one, "a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought."

8

*Id.* (cleaned up). The Court concludes that this factor warrants a departure from the lodestar.

Here, Carroll sought $286,622.01 in damages, but she was ultimately awarded only $5,127.98—less than 2% of what she requested. Thus, while she succeeded on her claims and proved that her employer violated the FLSA, her degree of success in establishing harm was exceedingly low. This counsels in favor of reducing the attorney's fees award by a substantial amount. After considering all of the circumstances of this case, the Court concludes that the lodestar should be reduced by 35%, resulting in an attorney's fee award of $86,164.65. *Cf. Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 259 (5th Cir. 2018) (affirming the district court's reduction of the lodestar by 60% based on, inter alia, the plaintiff's limited success). The Court believes this figure adequately compensates Carroll's counsel for their time and effort in prosecuting this case, while reflecting Carroll's limited degree of success in proving her damages.[7]

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion for an Award of Attorneys' Fees and Costs, (Dkt. #80), is **GRANTED in part**. Defendant C-Con Services shall pay Plaintiff $86,164.65 in attorney's fees by August 2, 2024.

---

[7] The other *Johnson* factors were either considered in the lodestar or have no bearing on the attorney's fee award here.

**So ORDERED and SIGNED this 11th day of July, 2024.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE